IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLIMATE CHANGE TRUTH INC.,　　　　　　No. 3:22-cv-00739-HZ

　　　　　Plaintiff,　　　　　　　　　　　　OPINION & ORDER

　　v.

GREG ABBOTT, in his personal
capacity and his official capacity as
Governor of the State of Texas; JOE
NIERMANN, in his official capacity as
executive director of Commission on
Environmental Quality; MARC
WILLIAMS, in his official capacity as
executive director, Department of
Transportation,

　　　　　Defendants.

HERNÁNDEZ, District Judge:

　　Plaintiff Climate Change Truth, Inc., a non-profit corporation, brings this action, seeking

"[a] declaration that the State of Texas's cap and trade policy is the wrong solution,"

a preliminary and permanent injunction, and damages. Compl., Prayer for Relief ¶¶ A-C, ECF 2.

Plaintiff is not represented by an attorney. The Complaint was filed by David White, Plaintiff's

1 – OPINION & ORDER

president. Plaintiff moves to proceed *in forma pauperis* [1], has filed a Motion for Appointment of Counsel [4], and has filed an application for *pro se* access to the Court's CM/ECF filing system [5]. The Court denies Plaintiff's motions and dismisses this case.

## DISCUSSION

First, a business entity must be represented by a licensed attorney to appear in federal court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (stating that although individual parties may conduct their own cases personally, the law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"). 28 U.S.C. § 1654, which authorizes a natural person to litigate their case *pro se*, does not apply to corporations, including non-profit corporations. *Her Oceans v. Cmty. Outreach Behav. Servs.*, Inc., No. 1:21-cv-00198-DCN, 2021 WL 3172914, at * 1 (D. Idaho July 27, 2021). The sole named Plaintiff in this case is the business entity, Climate Change Truth, Inc. Plaintiff's Complaint was signed and filed by its president, David White, who is not a licensed attorney.[1] Thus, as pled, Plaintiff cannot proceed with this litigation.

Second, Plaintiff cannot proceed *in forma pauperis* ("IFP"). A party seeking to bring a civil action in federal court must pay a filing fee of $350. *See* 28 U.S.C. § 1914 (providing a statutory filing fee of $350).[2] A civil action may proceed without prepayment of a filing fee only if the court grants an application to proceed IFP. 28 U.S.C. § 1915(a). But the Supreme Court held in *Rowland* that IFP status is only available to natural persons and not to "artificial entities"

---

[1] In describing the parties, the Complaint states that "Plaintiffs are scientists who follow the data and no other agenda." Compl. ¶ 7. But only the business entity, Climate Change Truth, Inc., is named as a plaintiff.

[2] The District of Oregon currently requires an additional $52 administrative fee, such that the total filing fee for a new civil case is $402. U.S. Dist. Ct. Dist. Or. Fee Schedule (effective Dec. 1, 2020) (available at https://ord.uscourts.gov/index.php/filing-and-forms/fees).

such as corporations. *Rowland*, 506 U.S. at 211-12. Accordingly, Plaintiff as a non-profit corporation may not proceed IFP.

Third, even if the Court could grant Plaintiff IFP status, Plaintiff's Complaint would be dismissed. A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

In its Complaint, Plaintiff explains why it believes cap and trade policies are the wrong solution to address climate change. But Plaintiff states no legal basis for its claims or for the relief it seeks. Plaintiff asks the Court to enjoin the state of Texas from implementing cap and trade policy, but provides no reason under any statute, constitution, or common law for the Court to do so. As such, the Court is unable to discern a claim against Defendants on which relief can be granted.

Fourth, the analysis in *Rowland* also applies to Plaintiff's motion for appointment of counsel. Section 1915 provides that "[t]he court may request an attorney to represent any *person* unable to afford counsel." 28 U.S.C. § 1915(e) (emphasis added). The Supreme Court in

*Rowland* interpreted the word "person" in the same manner as for IFP status and cited the attorney provision of § 1915 as a basis for construing the IFP provision as not applying to corporations. *See Rowland*, 506 U.S. 201-03. Thus, as a non-profit corporate entity, Plaintiff is not entitled to appointment of counsel.

## CONCLUSION

The Court DISMISSES Plaintiff's Complaint [2] without prejudice and DENIES Plaintiff's application for leave to proceed IFP [1], motion for appointment of counsel [4], and application for CM/ECF registration as a self-represented party [5]. Plaintiff may file an amended complaint, curing all deficiencies noted above, within 30 days of this Opinion & Order. The Clerk shall not issue the summons without direction from the Court.

IT IS SO ORDERED.

DATED:＿＿June 9, 2022＿＿＿.

＿＿*Marco Hernandez*＿＿
MARCO A. HERNÁNDEZ
United States District Judge